## Stream Pollution

RUTTER, Deputy Attorney General, March 3, 1944.— You have requested us to advise you concerning the adoption by the Sanitary Water Board of a certain policy with respect to the discharge of sewage into the waters of the Commonwealth.

Under section 2110 (e) of The Administrative Code of April 9, 1929, P. L. 177, as amended June 21, 1937, P. L. 1865, 71 PS §540, the Sanitary Water Board has the power to make rules and regulations for the effective administration and enforcement of the laws of this Commonwealth prohibiting the pollution of the

waters thereof. The general statute relating to the preservation and improvement of the purity of the waters of the Commonwealth, and to the duties and powers of the board with relation thereto, is the Act of June 22, 1937, P. L. 1987, 35 PS §691.1 et seq.

You inform us that the Sanitary Water Board intends to consider the adoption of a policy setting forth the requirements for the discharge of sewage and industrial wastes into the waters of the Commonwealth, and that under such a proposed policy the board would adopt a regulation requiring the treatment of such wastes to a specified degree before their discharge into the streams of the Commonwealth, and that these requirements would be varied reach by reach of any particular stream in accordance with the use and condition of any reach thereof.

Two reasons appear to motivate the board in proposing to adopt the policy under discussion. First, the board is of opinion that such a policy would provide a logical and effective way for the equitable improvement of the streams of the Commonwealth in accordance with the duties of the board and would constitute an extension of policy already followed. Second, the board considers the present time particularly auspicious for the enunciation of such policy so that municipalities and industries now discharging wastes which can and should be treated may be apprised of what will be expected of them in the postwar period, and can make appropriate plans to be carried out as postwar projects, although they may not be able to obtain the necessary labor and materials at this time.

Section 201 of the Act of June 22, 1937, P. L. 1987, supra, 35 PS §691.201, provides that no person or municipality shall discharge any sewage into any of the waters of the Commonwealth except as provided in said act. Section 202 of said act, 35 PS §691.202, pro-

vides that any municipality or person discharging sewage into waters of the Commonwealth so as to cause pollution thereof shall discontinue such discharge upon order of the Sanitary Water Board at such time as the board shall be of opinion that the discharge is or may become injurious to the public health. Section 203 of the act, 35 PS §691.203, states further that an order of the board to a municipality to discontinue existing discharges of sewage shall be by notice in writing, after investigation and hearing and an opportunity for all persons interested to be heard. The same section of the act provides that an order of the board directed to a person to discontinue existing discharges of sewage shall be by notice in writing to such person, but does not set forth any requirement of a prior hearing. Such order, whether against a municipality or a person, shall set a time within which the offending discharge shall be discontinued, which in the case of municipalities shall not exceed two years and in that of persons one year.

Section 302 of the act, 35 PS §691.302, relates to the discharge of industrial wastes, as differentiated from sewage, and stipulates that the board may order any person discharging industrial wastes into Commonwealth waters to discontinue such discharge. Before making such an order the board is required to make "due investigation", but need not hold a hearing. The same section of the act further provides that any discharge of industrial wastes into waters of the Commonwealth that is inimical and injurious to the public health or to animal or aquatic life or to the use of the waters for domestic, industrial, or recreational purposes shall be unlawful and a nuisance whether the board shall declare it to be so or not.

We are of opinion that the board may adopt a policy, and regulations to effectuate it, which would require

the treatment of sewage and industrial wastes to a specified degree before permitting their discharge into the waters of the Commonwealth, and that the degree or nature of treatment of such wastes may be varied reach by reach of the stream in accordance with existing conditions, so long as these variations are reasonable and practicable.

The board proposes to hold public hearings upon the requirements to be laid upon municipalities and industries discharging sewage and industrial wastes before adopting such requirements, and would like to carry out its policy by holding group hearings, stream by stream, for all industries and municipalities whose use of any particular stream would be affected.

As an alternative to the foregoing proposal, the board would like to know if it might enunciate a policy based upon its own findings without a hearing and apply such policy and regulations to effectuate it to all municipalities and persons without discrimination, subject only to the requirement that the regulations be uniform for given sections of the stream under consideration. We do not believe the alternative method desirable or proper because it would ignore the statutory requirement, insofar as the discharge of sewage is concerned, that municipalities must be granted a hearing before orders against them to discontinue the discharge of sewage can be validly made.

It is our opinion, therefore, and you are accordingly advised, that the Sanitary Water Board may adopt a policy and regulations to effectuate the same, requiring the treatment of sewage and industrial wastes to a specified degree before permitting their discharge into the waters of the Commonwealth; that the board may vary such regulations to suit the diverse conditions of various reaches of streams, and that such policy may be put into effect reach by reach of streams

420 

after investigation and hearing and an opportunity for all persons and municipalities interested therein to be heard.